## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **THE STATE OF GEORGIA** | | **CIVIL ACTION FILE** |
| **v.** | | **No. 1:23-CV-03720-SCJ** |
| **DAVID JAMES SHAFER,** | | **RE: NOTICE OF REMOVAL OF** |
| **Defendant.** | | **FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

## ORDER

This matter appears before the Court following Defendant David James Shafer's Notice of Removal and Request for Habeas or Equitable Relief.[1] Doc. No. [1]. The Court enters this Order to satisfy 28 U.S.C. § 1455(b)'s statutory requirements for the removal of state criminal prosecutions. The Court concludes that summary remand is not required on the face of Shafer's Notice of Removal and schedules an evidentiary hearing as further specified in this Order.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I.   BACKGROUND

Shafer is one of 19 Defendants named in the Superior Court of Fulton County, Georgia Indictment issued on August 14, 2023, pertaining to Georgia's 2020 presidential election procedures. Doc. No. [1-1]. The Indictment alleges Shafer violated several Georgia criminal statutes, including Georgia's Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A. § 16-14-4(c). Id. at 14.

Shafer's conduct at the time of the allegations in the Indictment involved his service as a presidential elector nominee for the Republican Party of Georgia. Doc. No. [1], 3 ("David Shafer and fifteen other Georgians were the Republican nominees for Presidential Elector."). The Indictment charges the following overt acts in support of the RICO conspiracy:

- Shafer communicated via email with another unindicted co-conspirator to assist with co-Defendant Scott Hall's investigation into the election "on behalf of the President." Doc. No. [1-1], 21 (Act 4).

- Shafer, as the State's GOP chair, was asked to speak with co-Defendant Robert Cheeley because Shafer "has been on top of a lot of efforts in the state." Id. at 29 (Act 37).

2

- Co-Defendant Kenneth Chesebro emailed Shafer and other unindicted co-conspirators about coordinating with other states about presidential electors casting their votes. These emails contained documents which would cast electoral votes for President Donald J. Trump. Id. at 32 (Acts 47 and 48).

- In the days leading up to the December 14, 2020 presidential elector meeting, Shafer:

  o Contacted unindicted co-conspirators about attending the presidential elector meeting (id. at 33 (Act 54), 37 (Act 62));

  o Reserved the room for the December 14 presidential elector meeting (id. at 36 (Act 57));

  o Exchanged emails containing logistical and attendance updates about the December 14 presidential elector meeting (id. at 38 (Acts 66 and 67)); and

  o Exchanged text messages regarding the attendance of specific elector nominees at the meeting (id. at 39–40 (Acts 73 and 74)).

- On December 14, 2020, the day of the presidential elector meeting, Shafer communicated about how to get presidential elector nominees to the

meeting and encouraged the nominees to sign a "Certificate of the Votes of the 2020 Electors from Georgia." Id. at 40 (Acts 76 and 78). These acts constitute criminal offenses of impersonating a public officer, forgery in the first degree, false statements and writings, and filing false documents. Id. at 41–42 (Acts 79, 80, 81, 82).

- Shafer committed forgery in the first degree and false statements and writings by making the document "RE: Notice of Filling of Electoral College Vacancy." Id. at 43 (Acts 83 and 84). Shafer further instructed that this "Notice of Filling" document be delivered to Georgia's Governor. Id. (Act 85).

- On January 4, 2021, Shafer was party to phone calls with other co-Defendants. Id. at 57 (Act 122).

- On April 25, 2022, Shafer falsely represented to the Fulton County District Attorney's Office that he did not call presidential elector nominees or make other preparations for the December 14, 2020 presidential elector meeting, and that there was no court reporter present at this meeting. Id. at 70 (Act 158).

In addition to the Georgia RICO charge, the Indictment also charges Shafer with impersonating a public officer, two counts of forgery in the first degree, three counts of false statements and writings, criminal attempt to commit filing false documents, and conspiracy to commit false statements and writings. Id. at 77 (Count 8), 78 (Count 10), 79 (Count 12), 80 (Count 14), 81 (Count 16), 82 (Counts 18 and 19), 97 (Count 40).

On August 21, 2023, Shafer filed his Notice of Removal of the Criminal Indictment. Doc. No. [1]. Shafer asserts federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). Id. at 16–21. He says that his duties as a presidential elector nominee (e.g., meeting, voting, listing persons voted for, signing and certifying the list, transmitting the list to Congress) make him a federal officer. Id. at 17. In addition to claiming that he was personally a federal officer, he claims that he "acted at the direction of the incumbent President and other federal officials" as a presidential elector nominee. Id. at 19 (indicating that President Trump's attorneys instructed Shafer on various matters and advised in the performance of his presidential elector duties).

With this background considered, the Court now determines if summary remand is required because the Court clearly lacks subject matter jurisdiction over Shafer's Notice of Removal.

## II.   LEGAL STANDARD[2]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). One such jurisdictional statute provides federal jurisdiction over "any officer (or any person acting under that officer) of the United States" for "any act under color of such office." 28 U.S.C. § 1442(a)(1). Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Section 1442(a)(1) removal requires "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal

---

[2] The Court uses the same legal standards as it did in its previous summary remand orders for co-Defendants Mark Randall Meadows and Jeffrey Bossert Clark. See Georgia v. Mark Randall Meadows, No. 1:23-cv-03621-SCJ (N.D. Ga.), ECF No. [6] (Summary Remand Order); Georgia v. Jeffrey Bossert Clark, No. 1:23-cv-03721-SCJ (N.D. Ga.), ECF No. [15] (same).

actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Id. at 1453–54. "[R]egardless of whether the federal court would have had jurisdiction over the matter had it originated in federal court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442(a)(1) provides an independent jurisdictional basis." Id. at 1454.

28 U.S.C. § 1455 allows specifically for the removal of a state criminal prosecution under certain conditions. Procedurally, the notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must contain "all grounds for such removal." 28 U.S.C. § 1455(b)(1)–(2). Upon receiving the notice of removal, the federal district court must "examine the notice promptly" and determine if summary remand ought to be granted based on a clear lack of jurisdiction from "the face of the notice and any exhibits annexed thereto . . . ." Id. § 1455(b)(4). If summary remand is not ordered, then the district court must "promptly" hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require." Id. § 1455(b)(5). Moreover, the filing of a notice of removal of a criminal prosecution under Section 1455 "shall not prevent the State court in which such prosecution is pending from proceeding further" even though a

"judgment of conviction" cannot be entered until the prosecution is remanded. 28 U.S.C. § 1455(b)(3).

## III.   ANALYSIS

The Court first determines that Shafer's notice of removal meets the procedural prerequisites of 28 U.S.C. § 1455(b)(1) and (2). Shafer removed this criminal proceeding one-week after the indictment had been filed and before his arraignment, and thereby satisfies the timing requirements of Section 1455(b)(1). His notice of removal, moreover, contains the basis for removal and federal jurisdiction as required by Section 1455(b)(2).

The Court must also assess if, based on the notice of removal and its exhibits, "it *clearly appears* . . . that removal should not be permitted." Id. § 1455(b)(4) (emphasis added). To complete this inquiry, the Court must look at the basis of federal jurisdiction asserted as "28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)). When a removing party clearly fails to meet a requirement of the underlying basis for federal jurisdiction,

then removal of the state criminal prosecution is not permitted. See, e.g., United States v. Raquinio, No. CV 23-00231 JMS-WRP, 2023 WL 3791638, at *2 (D. Haw. June 2, 2023) (rejecting removal under Section 1455 based on federal officer jurisdiction because the removing party failed to allege that he was a federal officer or agent); cf. also Hammond v. Georgia, No. 1:18-CV-5553-CAP-AJB, 2018 WL 10626009, at *2 (N.D. Ga. Dec. 21, 2018), report and recommendation adopted, No. 1:18-CV-5553-CAP, 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019). Gilmore v. Glynn Cnty. Superior Ct., No. 2:18-CV-68, 2018 WL 6531685, at *2 (S.D. Ga. Dec. 12, 2018), report and recommendation adopted, No. 2:18-CV-68, 2019 WL 339629 (S.D. Ga. Jan. 28, 2019).

The Court concludes that the Notice of Removal and its attachments sufficiently show that summary remand is not required. Shafer asserts federal officer jurisdiction under 28 U.S.C. § 1442, both as a federal officer himself and as an agent acting under the direction of federal officers. This section provides that federal jurisdiction exists when "the case [is] against any officer, agency, or agent of the United States for any act under color of such office" and that "the federal actor or agency being challenged [raises] a colorable defense arising out of its duty to enforce federal law." Cohen, 887 F.2d at 1453–54.

9

Here, Shafer claims that he was a federal officer given his status as a presidential elector nominee or, alternatively, that he acted at the direction of federal officers in executing his presidential elector nominee duties. Doc. No. [1], 16–21. Shafer further submits that he was acting in his capacity as a presidential elector[3] nominee at the time of the acts and charges alleged and that he intends to present several federal defenses, including preemption, Supremacy Clause immunity, and a First Amendment Petition's Clause defense. Id. at 21–30.

These submissions are sufficient to withstand summary remand under Section 1455(b)(4).[4] The Court emphasizes that this Order offers no opinion on the Court's ultimate determination of its subject matter jurisdiction over this case or the viability of Shafer's federal defenses. Pursuant to 28 U.S.C. § 1455(b)(5), the

---

[3] The Court acknowledges that the presidential elector meeting relevant to Shafer's case involved the Republican presidential electors' nominees even though the results of the Georgia election showed the Democratic candidate received more voters. Shafer however asserts that the Republican presidential elector nominees met nevertheless to preserve the rights of President Trump to contest the election results in Georgia. Doc. No. [1], 3–7; see also Doc. No. [1-4] (expert declaration on contingent presidential electoral votes procedure). The Court concludes that this explanation is sufficient to defeat summary remand, and that further argument or evidence on this point will be considered in briefing and at the evidentiary hearing.

[4] In this summary remand Order, it is not necessary to discuss Shafer's arguments regarding the Supremacy Clause barring the Indictment or the Court's ability to assert jurisdiction in order to prevent "unconstitutional encroachment" on federal authority. See Doc. No. [1], 30–50. The Court therefore does not comment on these arguments.

Court will make its final determination on these matters once they have been completely argued and briefed and are ripe for the Court's full review. To reiterate, this Order's limited conclusion is that the Court, based solely on the face of the Notice of Removal and its attachments, does not clearly lack subject matter jurisdiction over Shafer's Notice of Removal. Thus, the Court will proceed with an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes the face of the Notice of Removal (Doc. No. [1]) and attachments, including the Indictment (Doc. No. [1-1]), does not clearly indicate that summary remand of this matter is required. No opinion about whether removal will be permitted, or the merits of Shafer's federal defenses is being made at this time.

Pursuant to 28 U.S.C. § 1455(b)(5), the Court **ORDERS** that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against David James Shafer on **Wednesday, September 20, 2023**, at **9:30 A.M.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, in Courtroom 1907. Given the overlap in arguments and evidence, and in the interest of judicial

economy, Shafer's hearing will be held in conjunction with the evidentiary hearing of his co-Defendant, Cathleen Alston Latham (Civil Action No. 1:23-cv-03803-SCJ, NDGa.).[5]

The Fulton County District Attorney's Office may submit a written response to Shafer's Notice of Removal no later than **Thursday, September 7, 2023**. Any response submitted must not exceed **25 pages** in length.

In the interim, pursuant to 28 U.S.C. § 1455(b)(3), proceedings may continue in the Superior Court of Fulton County, Georgia.

**IT IS SO ORDERED** this __29th__ day of August, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[5] For example, both Shafer and Latham submit the same expert report on presidential elector nominees in their Notices of Removal. See, e.g., Doc. No. [1-4].

12